IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael C. Bell, Jr., | Case No. 1:09 CV 1884 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ed Sheldon, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Michael Bell filed a Petition for Writ of Habeas Corpus (Doc. No. 1). Respondent Ed Sheldon, Warden of the North Central Correctional Institution, filed an Answer/Return of Writ (Doc. No. 7).  This Court has jurisdiction under 28 U.S.C. § 2254(a).

The case was referred to Magistrate Judge Baughman for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2.  The Magistrate recommended this Court deny the Petition (Doc. No. 10) to which Petitioner filed an Objection (Doc. No. 13).  Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition.

### BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record, which this Court adopts (Doc. No. 10, pp. 4-17).  Briefly, a jury found Petitioner guilty of two counts of felonious assault with firearm specifications, one count of domestic violence, and two counts of attempted murder with firearm specifications.  The trial court sentenced Petitioner to eleven years in

prison. In separate appeals, Petitioner challenged both his conviction and sentence in the Ohio state courts before filing his habeas petition with this Court (Doc. No. 10, pp. 7-12).

In his appeals to the Ohio Court of Appeals and Ohio Supreme Court challenging his conviction, Petitioner raised numerous grounds for relief, including the one area relevant here: that he "was denied due process of law when the court denied his motion to dismiss by reason of a lack of a speedy trial" (Doc. No. 8-2, p. 39). The court of appeals affirmed Petitioner's conviction (Doc. No. 8-2, pp. 113-37) and the supreme court declined to accept review (Doc. No. 8-2, p. 205).

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, and rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo,* 365 F.3d 487, 493-494 (6th Cir. 2004). Furthermore, Rule 8(b)(4) of the Rules Governing Section 2254 states: "A judge of the court shall make a *de novo* determination of those portions of the report or

2

specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate."

## DISCUSSION

This Court has reviewed the R&R and finds it to be thorough, correct, and well-supported with citations and appropriate case comparisons. The Court therefore adopts the Magistrate's recommendations with respect to each of Petitioner's grounds for relief. The Court will now address Petitioner's single objection (Doc. No. 13, p. 6) to the Magistrate's recommended dismissal of the speedy trial argument which the Magistrate found was procedurally defaulted (Doc. No. 10, pp. 39-41).

This Court agrees that Petitioner's speedy trial argument is procedurally defaulted because he failed to "fairly present" it to the Ohio courts as a matter of federal law. "Fair presentment" requires a petitioner to demonstrate one or more of the following: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Throughout Petitioner's numerous appeals, he only argued that his right to a speedy trial was violated as it relates to Ohio law. Specifically, Petitioner relied on R.C. §§ 2945.71 through 2945.73 as support for this argument (Doc. No. 8-2, pp. 47-50 (Appellate Brief); pp. 138-39 (Brief on Motion to Reconsider); pp. 164-65, 169-71 (Brief to the Ohio Supreme Court)).

3

While Petitioner made general allegations of due process violations in his Ohio appeals, such allegations are insufficient to "fairly present" federal constitutional claims to state courts. *See McMeans,* 228 F.3d at 681 ("General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated."). Accordingly, this Court finds Petitioner's right to a speedy trial argument is procedurally defaulted and his objection is overruled.

## CONCLUSION

After conducting a *de novo* review, Petitioner's objection is not well taken. Accordingly, the Petition for Writ of Habeas Corpus is dismissed. Furthermore, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 21, 2010